UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARNELL JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5254** |
| **PHILLIPS 66** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Phillips 66 Company (Doc. #26) is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Phillips 66 Company. Phillips 66 argues that plaintiff, Darnell Joseph, cannot prevail on her sexual harassment or retaliation claim, and that her complaint should be dismissed with prejudice.

Plaintiff has been employed at Phillips 66's Alliance Refinery in Belle Chasse, Louisiana since 2001, and she last held the position of operator. In her complaint, plaintiff alleges claims of sexual harassment and retaliation against Phillips 66.[1] Specifically, she alleges that on January 11, 2013, Edward McCurdy, a coworker, "approached [her] while in an employee kitchen area and engaged [her] in a conversation about women's proper place being in the kitchen and demanded that [she] wash the dishes because that was 'woman's work.'" She also alleges that on January 14, 2013, McCurdy called her a bitch. Plaintiff reported the January 14, 2013, incident, along with the January 11, 2013, incident to management employees after the January 14, 2013, incident. Phillips 66 then

---

[1] Plaintiff also alleged discrimination, harassment and retaliation claims based on race. However, those claims were dismissed with prejudice based on the parties' consent judgment (Doc. #15).

investigated the claims, and the investigation ended on January 24, 2013, with a letter in McCurdy's disciplinary file pursuant to Phillips 66's progressive disciplinary policy.

Plaintiff also alleges that, after she reported the incidents involving McCurdy, other coworkers "peppered [her] with statements and taunts that she violated an unwritten 'code' and that she should have never gone to management with her claim." She alleges that the "taunts about [her] making the claim became more hostile in nature and she was ostracized by the vast majority of her co-workers on her unit" when the letter was placed in McCurdy's file. Plaintiff also claims that on February 19, 2013, she "reported to her work area and written in grease on a crane nearby was the phrase 'DEE SUCKS DICKS'." Plaintiff alleges that she immediately informed management employees, who photographed the scene. The management employees also removed the writing. Plaintiff alleges that as a result of the February 19, 2013, incident she had an anxiety attack, and took the rest of the day off. She claims that when she returned to work on February 25, 2013, "she was met with work place conversations centered around the incident from days earlier as well as the events that precipitated it," suffered "an emotional breakdown" and has been unable to work since that date. Plaintiff is still employed by Phillips 66, but has been receiving mental health treatment and disability benefits since February 2013.

On April 7, 2013, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in which she alleged claims of sex discrimination and retaliation. She specifically referenced the January 14, 2013, incident with McCurdy and the February 19, 2013, incident involving the crane. On May 20, 2013, the EEOC issued a Right to Sue letter to plaintiff, and she filed this action on August 6, 2013. Phillips 66 now moves for summary judgment on

plaintiff's claims arguing that she cannot prevail on her claims for sexual harassment and retaliation as a matter of law.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Plaintiff's Sexual Harassment Claim**

Plaintiff alleges that she was harassed by McCurdy because of her gender on January 11, 2013, when McCurdy told her that doing the dishes is a woman's job, and January 14, 2013, when McCurdy allegedly called her a bitch.  Because McCurdy was plaintiff's co-worker, her sexual harassment claim is properly analyzed under the standards for hostile work environment.  Hague v. Univ. of Tex. Health Sci. Ctr. at San Antonio, 560 Fed. Appx. 328, 332 (5th Cir. 2014) (citing

3

Woods v. Delta Beverage Grp., Inc., 274 F.3d 295, 298 (5th Cir. 2001)). There are five elements to a hostile work environment claim: (1) membership in a protected group; (2) unwelcome sexual harassment; (3) the harassment complained of is based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Id. (citing Woods, 274 F.3d at 298.

Plaintiff satisfies the first three prongs of the test. As a woman, plaintiff was part of a protected group. McCurdy's comments regarding a woman's work and calling her a bitch were based on sex and were unwelcome by plaintiff.

To satisfy the fourth requirement, that the harassment affected a term, condition or privilege of employment, it must be both objectively and subjectively offensive, "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998) (citations omitted). The Supreme Court of the United States has stated that "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Id. (citations omitted). "To determine whether conduct is objectively abusive, we look to the totality of the circumstances: the frequency of the discriminatory conduct, its severity, whether it involves physical threats or humiliation as opposed to mere offensive utterances, whether it unreasonably interferes with an employee's work performance, and whether the complained-of conduct undermines the plaintiff's workplace competence." Hague, 560 Fed. Appx. at 332.

4

Plaintiff identifies only two specific instances that she claims were sexually harassing conduct, McCurdy's comments on January 11, 2013, and January 14, 2015.[2] She does not allege that there were physical threats made against her, or sexual advances, "as is characteristic of many hostile environment claims." Id. (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 477-78 (5th Cir. 1989)). Further, she does not allege that offensive comments based on her sex were made frequently over a period of time. Id. (citing Farpella-Crosby v. Horizon Health Care, 97 F.3d 803, 806 (5th Cir. 1996)). Indeed, plaintiff testified at her deposition that she rarely encountered McCurdy because they worked different shifts. There is nothing in the record to suggest that these two comments made by McCurdy affected a term, condition or privilege of plaintiff's employment. See id. Therefore, these incidents do not evidence a sufficiently pervasive hostility toward plaintiff as a matter of law, and Phillips 66's motion for summary judgment on plaintiff's sexual harassment claim is GRANTED.[3]

---

[2] In her deposition and memorandum in opposition to Phillips 66's motion for summary judgment, plaintiff mentions other incidents that she claims constitute sexual harassment. Specifically, she mentioned that in 2002 or 2003 someone wrote "flounder" on her personal battery; before April 2012, a coworker joked that her FMLA leave for medical treatment was a "FEMA" day; before April 2012, a coworker asked questions about her personal life; and before April 2012, McCurdy generally cursed in front of her and she reported it to a supervisor. A court cannot consider claims that are outside of the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Sapp v. Potter, 413 Fed. Appx. 750, 752 (5th Cir. 2011) (citations and quotations omitted). In her EEOC charge, plaintiff mentions only the January 14, 2013, and February 19, 2013, incidents. McCurdy's alleged January 11, 2013, comment, and the alleged comments made by plaintiff's coworkers in January and February 2013, could reasonably be expected to be part of the EEOC investigation. However, the above mentioned incidents that plaintiff first raised in her deposition significantly predate the items mentioned in the EEOC charge, and are not related to the incidents mentioned in the EEOC charge. Thus, they could not reasonably be expected to be part of the EEOC investigation. Therefore, the court cannot consider these incidents.

[3] Phillips 66 also argues that plaintiff's sexual harassment claim should be dismissed because it took prompt remedial action when plaintiff reported the incidents. Because the court finds that the alleged sexual harassment did not affect a term, condition or privilege of plaintiff's employment, it need not address Phillips 66's remedial actions.

**C.    Plaintiff's Retaliation Claim**

Plaintiff alleges that in January and February 2013, multiple coworkers made comments to her regarding her reporting McCurdy's alleged January 11, 2013, and January 14, 2013, comments to management employees, and that on February 19, 2013, she "reported to her work area and written in grease on a crane nearby was the phrase "DEE SUCKS DICKS."  She claims that the comments and the writing on the crane were done in retaliation for her reporting the McCurdy incidents to management employees.

Title VII prohibits an employer from taking an adverse employment action against an employee because she engages in a protected activity.  To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and, (3) there was a causal link between the protected activity and the adverse employment action.  Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 657 (5th Cir. 2012).  "An adverse employment action is one that 'a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (quoting Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008)).  To determine whether an adverse employment action occurred, the court focuses on the final decision maker. Id. (citing Gee v. Principi, 289 F.3d 242, 246 (5th Cir. 2002)).  Employers are not "liable under Title VII for every discriminatory act committed by employees in the workplace." Long v. Eastfield Coll., 88 F.3d 300, 306 (5th Cir. 1996).  "The actions or ordinary employees are not imputable to their employer unless they are conducted 'in furtherance of the employer's business.'" Hernandez, 670 F.3d at 657 (quoting Long, 88 F.3d at 306).  In other words,

"[t]here must, . . ., be 'a direct relationship between the allegedly discriminatory conduct and the employer's business.'" Id. (quoting Long, 88 F.3d at 306).

Plaintiff alleges that her coworkers harassed her in retaliation for reporting McCurdy's January 11, 2013, and January 14, 2013, comments to management employees by making comments to her about it in January and February 2013. She also alleges that the February 19, 2013, incident involving the writing on the crane was in retaliation for her reporting McCurdy's previous actions. Plaintiff admitted in her deposition that only coworkers, not managers or supervisors, participated in the allegedly harassing comments.[4] Further, there is no allegation or proof that a manager or supervisor was involved in the February 19, 2013, incident. Indeed, after plaintiff reported it, management employees removed the writing and began an investigation. Therefore, plaintiff cannot prove that any of the allegedly retaliatory harassment was in furtherance of the employer's business, and Phillips 66's motion for summary judgment is GRANTED as to plaintiff's retaliation claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Phillips 66 Company (Doc. #26) is **GRANTED**, and plain tiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this   23rd day of October, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff admitted in her deposition that none of the comments were based on gender. Thus, these claims cannot be considered as part of her sexual harassment claim.